Stephens *v.* Meek.

B. M. STEPHENS, Adm'r, *v.* JOHN AND THOS. MEEK, Adm'rs, *et al.*

SURETY. *Remedy against administrator and heirs of co-surety.* A surety against whom judgment has been rendered for the whole debt, may file a bill against the personal representative and heirs of a co-surety for contribution, and, upon an averment of the exhaustion of per- sonal assets, to sell realty for the payment of the recovery.

FROM WHITE.

Appeal from the Chancery Court at Sparta.    W. G. CROWLEY, Ch.

W. J. FARRIS for complainant.

T. & D. L. SNODGRASS for defendants.

COOPER, J., delivered the opinion of the court.

The defendants were allowed by the chancellor to appeal from his decree overruling their demurrer to the bill.

On September 4, 1865, complainant B. M. Stephens and Peter Turney were appointed and qualified as ad- ministrators of the estate of Samuel Turney, deceased. On May 12, 1868, C. D. Gracey, for the use of Ann Gracey, recovered a judgment at law against Peter Turney as an individual, and against complainant and Peter Turney as administrators of Samuel Turney, de- ceased, and against Charles Meek, for $726.28 and

costs. The judgment directed the execution thereon to be levied, first, of the proper goods and chattels, lands and tenements of Peter Turney, then of the goods and chattels, lands and tenements of Charles Meek, and of the goods and chattels, lands and tenements of Sam'l Turney in the hands of Peter Turney and complainant to be administered. Execution issued and was levied upon the lands of Samuel Turney, deceased. At the time, Peter Turney was insolvent. He has since died, and his estate is insolvent. A bill has been filed for the purpose of selling the lands of the estate of Samuel Turney, upon an allegation of the insolvency of the estate, to pay the above judgment and other debts of the estate, and on the —— day of ——, 18—, a sale was had accordingly.

Charles Meek died in 1874, and on April 5, 1875, the defendants, John and Thomas Meek, were appointed and qualified as administrators of his estate. They have exhausted the personal assets of the estate in the payment of debts. The said Meek died possessed of certain lands described, and leaving certain heirs, who are the other defendants to the bill.

The present bill was filed in September, 1877, and amended in November of the same year, setting out the foregoing facts, claiming contribution from Meek's estate of one-half the Gracey judgment, and asking that the lands descended to Meek's heirs be sold in satisfaction of the recovery.

By the act of 1871, ch. 99 (Rev. St., sec. 3625*a*), a co-surety against whom judgment has been rendered may have judgment, by motion, against other parties

to the instrument whether included in the judgment or not. By the Code, sec. 3593, the remedy by motion is merely cumulative, and does not deprive the plaintiff of any other remedy allowed by law for his redress. The complainant might, therefore, upon the facts stated in his bill, as surviving administrator of Samuel Turney, deceased, have sued the administrators of Charles Meek, at law or by bill in equity, for contribution, the right of action accruing upon the recovery of judgment on the common obligation. And even if the remedy were exclusively at law, equity would have jurisdiction under the act of 1877, ch. 97. The complainant is, therefore, a *bona fide* creditor within the meaning of the Code, sec. 2267 *et seq.*, and entitled to file a bill against the personal representatives and heirs of Charles Meek, deceased, upon an averment of the exhaustion of personal assets, to sell realty for the payment of debts: *Dulles* v. *Read*, 6 Yer., 53.

Affirm the chancellor's decree with costs.